Joshua L. Raskin (to be admitted *pro hac vice*)
RaskinJ@gtlaw.com
GREENBERG TAURIG, LLP
MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: 212.801.9200
Facsimile: 212.801.6400

Nicholas A. Brown (SBN CA 198210)
brownn@gtlaw.com
GREENBERG TAURIG, LLP
Four Embarcadero Center, Suite 3000
San Francisco, California 94111
Telephone: 415.655.1300
Facsimile: 415.520.5609

*Attorneys for Plaintiff Chewy, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEWY, INC., <br><br> Plaintiff, <br><br> v. <br><br> WORDLOGIC CORPORATION and 602531 BRITISH COLUMBIA LTD., <br><br> Defendants. | CASE NO. _____ <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Chewy, Inc. ("Chewy"), for its Complaint against Defendants WordLogic Corporation ("WordLogic") and 602531 British Columbia Ltd., ("602531 BC") (collectively, "Defendants") seeking declaratory judgment of non-infringement as to the following patents: U.S. Patent Nos. 7,681,124 (the "'124 patent"), 7,293,231 (the "'231 patent"), 7,716,579 (the "'579 patent"), and 8,552,984 (the "'984 patent") (collectively, the "Asserted Patents"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment of non-infringement of the Asserted Patents and for such other relief as the Court deems just and proper.

2. True and correct copies of the Asserted Patents are attached as Exhibits 1-4.

## THE PARTIES

3. Plaintiff Chewy, Inc. is corporation organized and existing under the laws of Delaware, with its principal place of business at 1855 Griffin Road, Dania Beach, FL 33004.

4. On information and belief, Defendant WordLogic Corporation is a Nevada corporation having its principal place of business at 1066 W. Hastings St., Suite 2000, Vancouver, BC V6E 3X2, Canada.

5. On information and belief, 602531 British Columbia Ltd. is a Canadian limited liability company with a principal place of business at 1066 W. Hastings St., Suite 2000, Vancouver, BC V6E 3X2, Canada.

6. On information and belief, 602531 British Columbia Ltd. is a wholly owned subsidiary of WordLogic Corporation.

7. On information and belief, 602531 British Columbia Ltd. is the assignee of the '124 patent, the '231 patent, the '579 patent, and the '984 patent.

## JURISDICTION AND VENUE

8. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331, and 1338(a).

9. An actual and justiciable controversy exists between Chewy and Defendants as to the non-

infringement of the Asserted Patents.

10. This Court has personal jurisdiction over Defendants because Defendants have, at least, purposefully directed their enforcement activities related to one or more of the Asserted Patents into the Northern District of California. For example, and without limitation, Defendants have threatened and/or filed suits for infringement of the '124 patent against multiple entities having principal places of business in this District. *See, e.g.*, *WordLogic Corp. v. Fleksy, Inc.*, Case No. 1:16-cv-11714 (N.D. Ill.), Dkt. 1 at ¶¶ 4, 14 (accused infringer's principal place of business was located in San Francisco); *Charles Schwab & Co. v. Wordlogic Corp.*, Case No. 3:19-cv-00527 (N.D. Cal.), Dkt. 1 at ¶¶ 3, 5, 13-19 (accused infringer's principal place of business was located in San Francisco). Defendants have also purposefully availed themselves of the privilege of conducting activities within this State by maintaining suit against Fleksy Inc. in this District, and in particular by asserting the '124 and '984 patents in *WordLogic Corp. v. Fleksy, Inc.*, Case No. 4:17-cv-07169-JSW (N.D. Cal.). Defendants, by maintaining suit against Fleksy Inc. in the Northern District of California, have purposefully availed themselves of the benefits and protections of California's laws such that they should reasonably anticipate being haled into court here.

11. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391 because Defendants are subject to personal jurisdiction in this District.

12. Defendants admitted that this District is a proper venue for litigating the '124 and '984 patents in *WordLogic Corp. v. Fleksy, Inc.*, Case No. 4:17-cv-07169-JSW (N.D. Cal.).

## INTRADISTRICT ASSIGNMENT

13. For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis.

## THE ASSERTED PATENTS

14. The '124 patent is titled "Data entry for personal computing devices." The '124 patent issued on March 16, 2010 to named inventors Harold David Gunn and John Chapman. The '124 patent also states that the initial assignee was 602531 BC.

15. The '231 patent is titled "Data entry for personal computing devices." The '231 patent issued on November 6, 2007 to named inventors Harold David Gunn and John Chapman. The '231 patent also states that the initial assignee was British Columbia Ltd.

16.     The '579 patent is titled "Data entry for personal computing devices." The '579 patent issued on May 11, 2010 to named inventors Harold David Gunn and John Chapman. The '579 patent also states that the initial assignee was 602531 BC.

17.     The '984 patent is titled "Method, system, apparatus and computer-readable media for directing input associated with keyboard-type device." The '984 patent issued on October 8, 2013 to named inventor Peter Knaven. The '984 patent also states that the initial assignee was 602531 BC.

### THE PARTIES' DISPUTE CONCERNING THE ASSERTED PATENTS

18.     On July 31, 2019, Mr. Artoush Ohanian of Ohanian IP wrote a letter addressed to "Ms. Susan Helfrick" of "CHEWY Inc" in Florida, stating that he represented Defendants "in the licensing and enforcement" of the four Asserted Patents. The letter states that it was intended to "advise you of CHEWY's infringement." The letter includes a claim chart allegedly showing how "the predictive search text box featured on the CHEWY website infringes at least claim 19 of the '124 patent, and likely other claims" of the four Asserted Patents. The letter further states that "we are confident in the validity and infringement of the WordLogic patents." The letter concludes by stating that "[i]f I do not hear from you by that date I will assume you are not interested in discussion a quick resolution, and we will proceed with the litigation."

19.     On August 28, 2019, Mr. Joshua L. Raskin of Greenberg Traurig sent a response to Mr. Ohanian on behalf of Chewy. The letter states that "claim 19 of the '124 patent—the only claim addressed in [Mr. Ohanian's July 31, 2019] Letter—has already been found likely to be invalid under 35 U.S.C. § 103 and, for that reason alone, Chewy declines to take a license." The letter further states that "WordLogic has no Rule 11 basis on which to assert that Chewy infringes claim 19, as the claim recites several limitations that are not practiced by Chewy's website." In particular, the letter provides evidence that Chewy's website does not practice the following required steps of claim 19: (1) "modifying the display of the partial text entry to correspond to the particular completion candidate selected from among the plurality of completion candidates at least while the particular completion candidate remains selected"; and (2) "obtaining and displaying in the search list a further modified plurality of completion candidates from among the group of completion candidates, if a completion candidate is accepted via the search list from the modified plurality of completion candidates, wherein each of the further modified plurality of

completion candidates includes a portion matching the accepted completion candidate." The letter concludes by stating that "WordLogic's infringement allegations are wholly without merit. Thus, Chewy declines your invitation for a license. Should WordLogic continue to assert its baseless claims, whether in a lawsuit or otherwise, you are hereby on notice [that] Chewy reserves all rights, including to seek fees and costs."

20. On October 7, 2019, Mr. Ohanian sent a letter to Mr. Raskin with the subject line "WordLogic's Notice of Alleged Patent Infringement by Chewy, Inc." With respect to infringement, the letter states that Defendants "are not persuaded" and provides screenshots allegedly demonstrating that "your broad [claim] construction does not absolve Chewy, Inc."

21. On October 11, 2019, Mr. Raskin sent another letter to Mr. Ohanian. Among other things, the letter states that Mr. Ohanian had failed to "meaningfully address any of the points made in our August 28, 2019 letter" or provide "any substantive discussion or analysis of the noninfringement positions." The letter concludes by stating that, for the same reasons previously provided and not adequately addressed, "Chewy declines to take a license under the WordLogic patents. We expect that this matter is now closed." The letter also states that "Chewy reserves all rights to seek appropriate relief if you continue to pursue these baseless allegations."

22. On November 12, 1019, Mr. Ohanian sent an email to Mr. Raskin suggesting a conference call "to walk you through a search in real time demonstrating our position." The email concludes by stating that "[w]e fear the letter writing exchange has gotten a bit stale and we need to move forward on a number of matters by end of year."

23. On November 21, 2019, counsel for Chewy and Defendants conducted a conference call in which WordLogic refused to drop its baseless infringement claims.

24. The following day, WordLogic's licensing agent sent an email to Mr. Raskin "attaching a copy of WordLogic [sic] settlement agreement."

25. Defendants have previously asserted at least the '124 patent in eight patent litigations, including four suits filed in 2019.

26. Based on the above-described actions, Chewy is under a reasonable apprehension that it will be sued by WordLogic for infringement of the Asserted Patents. Accordingly, as further described

herein, an actual and justiciable controversy exists between Chewy and Defendants as to the non-infringement of the Asserted Patents.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of the '124 Patent)**

27. Chewy restates and realleges each of the assertions set forth in the paragraphs above.

28. Chewy has not infringed and does not infringe any claim of the '124 patent directly or indirectly, either literally or under the doctrine of equivalents.

29. For example, and without limitation, claim 19 of the '124 patent requires: "modifying the display of the partial text entry to correspond to the particular completion candidate selected from among the plurality of completion candidates at least while the particular completion candidate remains selected."

30. The accused "predictive search text box" featured on Chewy's website does not practice this limitation because, at minimum, "the display of the partial text entry" is not modified while a particular completion candidate "remains selected."

31. Further, claim 19 of the '124 patent requires: "obtaining and displaying in the search list a further modified plurality of completion candidates from among the group of completion candidates, if a completion candidate is accepted via the search list from the modified plurality of completion candidates, wherein each of the further modified plurality of completion candidates includes a portion matching the accepted completion candidate."

32. The accused "predictive search text box" featured on Chewy's website does not practice this limitation because, at minimum, the "search list" is cleared when a particular completion candidate "is accepted via the search list."

33. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Chewy and Defendants concerning the non-infringement of the '124 patent.

34. Chewy is therefore entitled to a declaratory judgment that it has not infringed the '124 patent, directly or indirectly, either literally or under the doctrine of equivalents.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of the '231 Patent)**

35. Chewy restates and realleges each of the assertions set forth in the paragraphs above.

36. Chewy has not infringed and does not infringe any claim of the '231 patent directly or indirectly, either literally or under the doctrine of equivalents.

37. For example, and without limitation, claim 1 of the '231 patent requires: "obtaining a refined list of completion candidates for display in the search list when a completion candidate in the search list remains selected for a predetermined time limit."

38. The accused "predictive search text box" featured on Chewy's website does not practice this limitation because, at minimum, the displayed list of "completion candidates" does not change based on a particular completion candidate "remain[ing] selected" for a set length of time.

39. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Chewy and Defendants concerning the non-infringement of the '231 patent.

40. Chewy is therefore entitled to a declaratory judgment that it has not infringed the '231 patent, directly or indirectly, either literally or under the doctrine of equivalents.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '579 Patent)

41. Chewy restates and realleges each of the assertions set forth in the paragraphs above.

42. Chewy has not infringed and does not infringe any claim of the '579 patent directly or indirectly, either literally or under the doctrine of equivalents.

43. For example, and without limitation, claim 1 of the '579 patent requires: "if the user input signal corresponds to selecting a completion candidate from the search list to initiate further searching, obtaining a new list of completion candidates based on the selected completion candidate and displaying the new list of completion candidates in the search list for further selection, wherein the new list of completion candidates is obtained if a completion candidate in the search list remains selected for a predetermined time limit."

44. The accused "predictive search text box" featured on Chewy's website does not practice this limitation because, at minimum, the displayed list of "completion candidates" does not change based on a particular completion candidate "remain[ing] selected" for a set length of time.

45. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Chewy and Defendants concerning the non-infringement of the '579 patent.

46. Chewy is therefore entitled to a declaratory judgment that it has not infringed the '579 patent, directly or indirectly, either literally or under the doctrine of equivalents.

### FOURTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '984 Patent)

47. Chewy restates and realleges each of the assertions set forth in the paragraphs above.

48. Chewy has not infringed and does not infringe any claim of the '984 patent directly or indirectly, either literally or under the doctrine of equivalents.

49. For example, and without limitation, claim 1 of the '984 patent requires: "in response to identifying the first predefined input key event, redirecting the input key events from the first process to a second process wherein redirecting the input key events to the second process comprises providing representations of further keyboard events to the second process, but not to the first process, for processing."

50. The accused "predictive search text box" featured on Chewy's website does not practice this limitation because, at minimum, the search box does not redirect inputs from one process to another based on "predefined input key event[s]."

51. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Chewy and Defendants concerning the non-infringement of the '984 patent.

52. Chewy is therefore entitled to a declaratory judgment that it has not infringed the '984 patent, directly or indirectly, either literally or under the doctrine of equivalents.

### PRAYER FOR RELIEF

WHEREFORE, Chewy respectfully requests the following relief:

A. That the Court enter a judgment declaring that Chewy has not infringed and does not infringe any claim of the '124 patent, directly or indirectly, either literally or under the doctrine of equivalents;

B. That the Court enter a judgment declaring that Chewy has not infringed and does not infringe any claim of the '231 patent, directly or indirectly, either literally or under the doctrine of equivalents;

C. That the Court enter a judgment declaring that Chewy has not infringed and does not

infringe any claim of the '579 patent, directly or indirectly, either literally or under the doctrine of equivalents;

D.  That the Court enter a judgment declaring that Chewy has not infringed and does not infringe any claim of the '984 patent, directly or indirectly, either literally or under the doctrine of equivalents;

E.  That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and award to Chewy its costs, expenses, and reasonable attorneys' fees incurred in this action;

F.  That the Court award Chewy any and all other relief to which Chewy may show itself to be entitled; and

G.  That the Court award Chewy any other relief it may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and Civil Local Rule 3-6, Chewy demands a trial by jury on all issues and claims so triable.

DATED: December 4, 2019

**GREENBERG TRAURIG, LLP**

By:  */s/ Nicholas A. Brown*

Nicholas A. Brown (SBN 198210)
brownn@gtlaw.com GREENBERG TRAURIG, LLP 4 Embarcadero Center, Suite 3000 San Francisco, CA 94111-5983
Telephone: 415.655.1271 Facsimile: 415.520.5609

Joshua L. Raskin (to be admitted *pro hac vice*)
RaskinJ@gtlaw.com GREENBERG TRAURIG, LLP MetLife Building
200 Park Avenue
New York, NY 10166 Telephone: 212.801.9200 Facsimile: 212.801.6400

*Attorneys for Plaintiff Chewy, Inc.*